Chad A. Rutkowski
Oren J. Warshavsky (admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Phone: 215.568.3100
Fax: 215.568.3439
Email: crutkowski@bakerlaw.com

*Attorneys for Plaintiffs* CHRISTOPHER "CHIP" PAUCEK and PRO ATHLETE COMMUNITY, INC.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER "CHIP" PAUCEK and PRO ATHLETE COMMUNITY, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DAHN SHAULIS,<br><br>Defendant. | Case No.: 1:24-cv-09807<br><br>Chief Judge Renée Marie Bumb<br><br>Magistrate Judge Ann Marie Donio<br><br>Motion Day: July 7, 2025<br><br>**SUPPLEMENTAL BRIEF OPPOSING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

## TABLE OF CONTENTS

**PAGE**


**I. THE COURT'S INDICATION THAT DISCOVERY IS NECESSARY MEANS PLAINTIFFS HAVE ADEQUATELY PLED THEIR CASE AND DISCOVERY MUST PROCEED ....................1**

**II. SUBSEQUENT DISCOVERY MUST BE OF ADEQUATE SCOPE ....................4**

**III. THIS MATTER DOES NOT INVOLVE PUBLIC CONCERN AND PLAINTIFFS HAVE ADEQUATELY PLED ACTUAL MALICE REQUIRING DISCOVERY ....................4**

# TABLE OF AUTHORITIES

**PAGES**

**Cases**

*Bently Reserve v. Papaliolios*, 218 Cal.App.4th 418 (2013) ........................................................ 3

*Billauer v. Escobar-Eck*, 88 Cal.App.5th 953 (2023)................................................................... 4

*Buchmiller v. Suntuity Solar, LLC*, No. 21-20412,
2022 WL 3908070 (D.N.J. Aug. 30. 2022) ................................................................................... 2

*Decker v. Princeton Packet, Inc.*, 116 N.J. 418 (1989) ................................................................ 3

*Fernandes v. City of Jersey City*, 2017 WL 2799698 (D.N.J. June 27, 2017) .............................. 2

*FilmOn, Inc. v. DoubleVerify Inc.*, 7 Cal.5th 133 (Cal. 2019)....................................................... 5

*First Nat'l Prop. Mgmt., LLC v. Chapman*, No. 23-00603,
2024 WL 230115 (D.N.J. Jan. 22, 2024) ....................................................................................... 4

*GetFugu, Inc. v. Patton Boggs LLP*, 220 Cal.App.4th 141 (2013)................................................ 5

*Hotaling & Co., LLC v. LY Berditchev Corp.*, No. 20-cv-16366
2022 WL 1134851 (D.N.J. Apr. 18, 2022) ..................................................................................... 2

*Kotlikoff v. The Community News*, 89 N.J. 62 (1982).................................................................... 1

*Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001)..................................................... 4

*Mfg. Home Communities, Inc. v. Cnty. of San Diego*, 544 F.3d 959 (9th Cir. 2008)..................... 2

*Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990) ...................................................................... 2

*Palladino ex rel. U.S. v. VNA of S. New Jersey, Inc.*, 68 F.Supp.2d 455 (D.N.J. 1999)................. 2

*Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*,
890 F.3d 828 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018).................................. 3

*Romaine v. Kallinger*, 109 N.J. 282 (1988) ................................................................................... 3

*Sachs v. San Diego Ctr. for Children*, No. D058477,
2011 WL 6016462 (Cal. App. Dec. 2, 2011).................................................................................. 5

*Soojung Jang v. Tr. of St. Johnsbury Acad.*, 331 F.Supp.3d 312 (D. Vt. 2018)............................. 5

*Turf Lawnmower Repair, Inc. v. Bergen Record Corp.*, 139 N.J. 392 (1995)............................... 5

*Ward v. Zelikovsky*, 136 N.J. 516 (1994) ............................................................................. 1, 2, 3

*Watson v. Mulcahy*, No. 24-cv-02606-GPG-NRN,
2025 WL 2099991 (D. Colo. Jan. 31, 2025)................................................................................... 4

Decision on Cross-Orders to Show Cause and Motions,
*Wunsch v. CTE Republicans for Englewood,* No. L-005605-23 (N.J. Super. May 31, 2024).... 3

**Rules**

Fed. R. Civ. P. 56 ........................................................................................................ 3, 4

## I. THE COURT'S INDICATION THAT DISCOVERY IS NECESSARY MEANS PLAINTIFFS HAVE ADEQUATELY PLED THEIR CASE AND DISCOVERY MUST PROCEED

PAC is not a "scam" and Mr. Paucek does not have a "track record as an unethical businessperson," nor is he a "con man." The basis for Shaulis's assertions otherwise is a mystery: he does not set forth any factual basis for these accusations. Pls.' Opp'n at 4-5, 14-15, ECF No. 50. He thus deprives readers the ability to "interpret the factual statements and decide for themselves whether [his] opinion[s] w[ere] justified." *Kotlikoff v. The Community News*, 89 N.J. 62, 73 (1982) (emphasizing disclosure of factual basis in finding statements to be non-actionable opinion). "Language that could reasonably be understood as implying specific criminal acts on the basis of undisclosed factual allegations … does not" qualify for the protection afforded to pure opinions. *Id*. at 71-72. Shaulis's attempt to frighten off PAC's clients by labeling PAC a "scam" and asserting that Paucek has a "track record as an unethical businessperson" and is a "con man" implies factual assertions of criminal conduct. *See* Pls.' Opp'n at 13-15. Those factual implications are false: neither PAC nor Paucek have engaged in any behavior that justified Shaulis's accusations. *See* Compl. ¶¶ 3, 23, 27-30, 57, 69. Plaintiffs look forward to protecting their good reputation in discovery and throughout this lawsuit.

If Shaulis's accusations are opinions—which Plaintiffs dispute—they are actionable mixed opinions. To overcome Plaintiffs' mixed opinion argument, Shaulis must demonstrate: (1) his accusations implied no factual assertions, (2) all such factual assertions were not objectively verifiable, or (3) all such factual assertions—while verifiable—were substantially true. *See Ward v. Zelikovsky*, 136 N.J. 516, 531 (1994). At argument, the Court correctly stated that certain factual assertions implied by Shaulis's accusations were objectively verifiable. *See* Tr. of Oral Argument at 49, ECF No. 62 (recognizing the existence of an "objective way to show" the veracity of Shaulis's accusations based on "the track [record] of Paucek"); Pls.' Opp'n at 12, 15,

ECF No. 50; *Mfg. Home Communities, Inc. v. Cnty. of San Diego*, 544 F.3d 959, 964 (9th Cir. 2008) ("If the district court can assess the truth or falsity of the claim, that seems a strong indication that it was a provably false assertion of fact, and therefore actionable.").

The Court also queried whether Shaulis qualifying his statements as his "characterizations" demonstrates they are opinion. Tr. of Oral Argument at 24-26, ECF No. 62. The U.S. Supreme Court rejected that argument in *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19 (1990), explaining that "[s]imply couching such statements in terms of opinion does not dispel these implications; and the statement 'in my opinion Jones is a liar,' can cause as much damage to reputation as the statement 'Jones is a liar.' " *Milkovich*'s distinction is particularly helpful here because the Court explained that the assertion itself (*i.e.*, absent the qualifier) was factual. *Id*.

As this Court noted, "facts matter" in a mixed opinion analysis. Tr. of Oral Argument at 8, ECF No. 62. However, whether an expressly stated or implied defamatory factual assertion is false is a factual inquiry inappropriate for resolution at this stage. *See Hotaling & Co., LLC v. LY Berditchev Corp*., No. 20-cv-16366, 2022 WL 1134851, at *6 (D.N.J. Apr. 18, 2022); *Buchmiller v. Suntuity Solar, LLC*, No. 21-20412, 2022 WL 3908070, at *4 n.4 (D.N.J. Aug. 30. 2022); *Fernandes v. City of Jersey City*, 2017 WL 2799698, at *18 (D.N.J. June 27, 2017); *Palladino ex rel. U.S. v. VNA of S. New Jersey, Inc*., 68 F.Supp.2d 455, 476 n.5 (D.N.J. 1999).

The Court cannot assess whether the factual implications of Shaulis's accusations are true because the factual bases for those accusations are absent from the record. Finding that Shaulis's statements were non-actionable opinion based on an incomplete factual record ignores the falsity inquiry nested within the mixed opinion analysis. *See Ward*, 136 N.J. at 531 ("Harm from a defamatory opinion statement is redressable when the statement implies underlying objective

facts *that are false*.") (emphasis added). Plaintiffs are thus entitled to discovery to determine what information Shaulis relied upon to form his accusations.

That Shaulis seeks fee-shifting under a state anti-SLAPP statute does not lead to a different result. "[W]hen an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the [Rule] 56 standard will apply" and "in such a case, discovery must be allowed … before any decision is made by the court." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), amended, 897 F.3d 1224 (9th Cir. 2018); *see also* Decision on Cross-Orders to Show Cause and Motions, *Wunsch v. CTE Republicans for Englewood,* No. L-005605-23, at *24-25 (N.J. Super. May 31, 2024)[1] (denying NJ UPEPA motion and ordering the case to proceed to full discovery where the statements were deemed mixed opinion and "[d]efendants do not assert truth as a defense").

In sum, the task presently before the Court is narrow: determine whether Shaulis's statements are reasonably capable of defamatory meaning, even if couched as opinion. "The Restatement correctly allocates the responsibility of the court and the jury: a court's duty is 'to determine whether an expression of opinion is capable of bearing a defamatory meaning because it may reasonably be understood to imply the assertion of undisclosed facts that justify the expressed opinion,' and the jury's function is to determine whether that meaning was attributed by the recipient …." *Ward*, 136 N.J.at 545 (1994) (Stein, J., concurring); *see also Bently Reserve v. Papaliolios*, 218 Cal.App.4th 418, 428 (2013) (same); *Decker v. Princeton Packet, Inc*., 116 N.J. 418, 425 (1989) (Where a statement "is capable of both a defamatory and non-defamatory meaning, [ ] a question of fact arises for the jury to decide."); *Romaine v. Kallinger*, 109 N.J. 282, 290-91 (1988) (same); *First Nat'l Prop. Mgmt., LLC v. Chapman*, No. 23-00603, 2024 WL

[1] The *Wunsch* opinion is attached to this Supplemental Brief as Exhibit 1.

230115, at *5 (D.N.J. Jan. 22, 2024) (same). "The 'pertinent question' is whether a 'reasonable fact finder' could conclude that the statements 'as a whole, or any of its parts, directly made or sufficiently implied a false assertion of defamatory fact that tended to injure plaintiff's reputation.' " *Billauer v. Escobar-Eck*, 88 Cal.App.5th 953, 967 (2023). If the Court finds Shaulis's accusations imply objectively verifiable facts, Plaintiffs' claims survive Shaulis's pure opinion defense, an issue of fact arises, and discovery must ensue.

## II. SUBSEQUENT DISCOVERY MUST BE OF ADEQUATE SCOPE

As both the Court and Shaulis acknowledged, the Court cannot "apply any of UPEPA's exotic state procedural rules" because to do so would result in federal preemption. Opinion at 22, ECF No. 45. Plaintiffs are therefore entitled to full discovery under the FRCP, and any attempt to handcuff Plaintiffs with limited discovery would conflict with the FRCP and raise preemption concerns. *Id.*; *see, e.g.*, *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 845-46 (9th Cir. 2001) (CA's anti-SLAPP statute's limits on discovery cannot be applied federally because they conflict with discovery-permitting aspects of Rule 56); *Watson v. Mulcahy*, No. 24-cv-02606-GPG-NRN, 2025 WL 2099991, at *4-7 (D. Colo. Jan. 31, 2025) (same for CO's anti-SLAPP statute).

The Court identified some topics on which Plaintiffs are entitled to discovery, including the purported facts Shaulis based his accusations on. *See* Tr. of Oral Argument at 44, 50, ECF No. 62. Shaulis claims to have relied on "information and opinions obtained from experts in the [education] business." *Id.* at 25. Plaintiffs are entitled to discover the "information and opinions" Shaulis relied on and from which "experts in the [education] business."

## III. THIS MATTER DOES NOT INVOLVE PUBLIC CONCERN AND PLAINTIFFS HAVE ADEQUATELY PLED ACTUAL MALICE REQUIRING DISCOVERY

The matter of public concern element is "intended to be a limitation on [the anti-SLAPP statute's] applicability" and "the 'assertion of a broad and amorphous public interest is not

sufficient ….' " *Sachs v. San Diego Ctr. for Children*, No. D058477, 2011 WL 6016462, at *3 (Cal. App. Dec. 2, 2011). "Courts have repeatedly rejected attempts to create a public interest issue … merely because the moving party can identify an important public policy that relates to, or underlies, the subject matter of the particular statements …." *Id.* at *3; *see also Soojung Jang v. Tr. of St. Johnsbury Acad.*, 331 F.Supp.3d 312, 334-343 (D. Vt. 2018) (rejecting attempt to demonstrate a matter of public concern based on the public's general interest in education).

A matter of public concern does not encompass every abstract topic in which a single individual (*i.e.*, Shaulis) is interested. *See GetFugu, Inc. v. Patton Boggs LLP*, 220 Cal.App.4th 141, 151 (2013). Instead, "[courts] must focus on 'the *specific nature of the speech* rather than the generalities that might be abstracted from it.' " *Sachs*, 2011 WL 6016462, at *3. There must be " 'some degree of closeness' between the challenged statements and the asserted public interest." *FilmOn, Inc. v. DoubleVerify Inc.*, 7 Cal.5th 133, 150 (Cal. 2019). For consumer fraud allegations, the specific "conduct, activities, or events" that form the basis of the allegations inform whether it is a matter of public concern. *See Turf Lawnmower Repair, Inc. v. Bergen Record Corp.*, 139 N.J. 392, 410, 417 (1995).

In any event, Plaintiffs have adequately pleaded Shaulis's reckless disregard for truth by purposely avoiding it. *See* Pls. Opp'n at 23-25, ECF No. 50. The actual malice standard is inherently subjective. *Id.* at 23-24. Plaintiffs are entitled to discovery into Shaulis's state of mind at the time of publication. For example, Plaintiffs seek discovery regarding the extent to which Shaulis: (1) viewed the uniformly positive videos he embedded into his "Scam Alert" post, (2) found other positive reviews concerning PAC, (3) factored the foregoing information into his decision to publish the accusations against Plaintiffs, and (4) held preexisting animosity or bias against Paucek or PAC. *See id.* at 5-6, 23, 25; *see also* Compl. ¶ 41, Ex. B.

Dated: August 18, 2025

*/s/ Chad A. Rutkowski*
Chad A. Rutkowski
Oren J. Warshavsky (admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
Phone: 215.568.3100
Fax: 215.568.3439
Email: crutkowski@bakerlaw.com

*Attorneys for Plaintiffs* CHRISTOPHER "CHIP" PAUCEK and PRO ATHLETE COMMUNITY, INC.